# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:20-cv-00100-MR-DSC

| | | |
|---|---|---|
| HEATHER KEARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| WESTERN CAROLINA | ) | |
| UNIVERSITY and THE | ) | |
| UNIVERSITY OF NORTH | ) | |
| CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 19]; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] regarding the disposition of that motion; the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 26]; and the Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 27].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider the Defendants' Motion to

Dismiss and to submit a recommendation for its disposition. On February 22, 2021, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' Motion to Dismiss be granted. [Doc. 24]. On March 12, 2021, the Plaintiff filed her Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 26]. The Defendants filed their response to those Objections on March 26, 2021. [Doc. 29].

In her Objections, the Plaintiff asserts that the Magistrate Judge did not apply the correct legal standard by "fail[ing] to analyze Plaintiff's well-pleaded factual claims under the McDonnell Douglas[1] or the Price Waterhouse[2] mixed motive discrimination frameworks." [Doc. 26 at 10]. However, both McDonnell Douglas and Price Waterhouse are inapplicable here. As explained by the Supreme Court, Congress "displaced Price Waterhouse in favor of its own version of the motivating factor test" in the Civil Rights Act of 1991. Comcast Corp. v. Nat'l Ass'n of African Am. Owned Media, 140 S. Ct. 1009, 1017 (2020).

Furthermore, the McDonnell Douglas burden-shifting framework, which asks whether the Plaintiff has established a prima facie case of discrimination, "is an evidentiary standard, not pleading requirement."

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
[2] Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin., 780 F.3d 582, 584 (4th Cir. 2015). Thus, "McDonnell Douglas can provide no basis for allowing a complaint to survive a motion to dismiss when it fails to allege essential elements of a plaintiff's claim." Comcast Corp., 140 S. Ct. at 1019. Instead, at the pleadings stage, the Court must consider whether the Plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Woods v. City of Greensboro, 855 F.3d 639, 649 (4th Cir. 2017). For the reasons articulated by the Magistrate Judge, the Plaintiff's Amended Complaint fails to meet this standard.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be granted.

Following the Magistrate Judge's Memorandum and Recommendation, the Plaintiff has also filed a Motion for Leave to Amend in order to "address the concerns raised in Judge Cayer's Recommendation." [Doc. 27 at 2]. Specifically, the Plaintiff seeks leave to

file a Second Amended Complaint to "clarif[y] the protected complaint Plaintiff made prior to her termination, clarif[y] the timing of the complaint compared to the adverse employment actions taken against her, and clarif[y] the sources of gender bias (including sexual orientation bias) that resulted in Defendants' decision to terminate Plaintiff." [Doc. 27 at 2]. The Plaintiff's request for leave to amend her Complaint is denied. The Plaintiff had twenty-one days from the filing of the Defendants' Motion to Dismiss to file an amended complaint as of right and to address any deficiencies identified by the Defendants in their motion. <u>See</u> Fed. R. Civ. P. 15(a)(1)(B). Despite having the unilateral right to do so, the Plaintiff failed to amend her Complaint within the time required. Having failed to amend her complaint and to address the deficiencies identified by the Defendants, the Plaintiff left the Court with no option but to address the Defendants' motion on its merits. In doing so, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend her Complaint. <u>See</u> <u>Kotsias v. CMC II, LLC</u>, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); <u>Bailey v. Polk County</u>, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing

the amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the parties through the pleading stage. Accordingly, the Plaintiff's request to amend her Complaint is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 26] are overruled; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] is **ACCEPTED**; the Defendant's Motion to Dismiss the Amended Complaint [Doc. 19] is **GRANTED**; and the Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 27] is **DENIED.**

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge